CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 30 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00047 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ROBERT CLIFTON DAMERON, | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with unlawfully, knowingly and intentionally distributing or possessing with intent to distribute, or aiding and abetting in the distribution or possession with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2; in Count Two with unlawfully, knowingly and intentionally distributing or possessing with intent to distribute, or aiding and abetting in the distribution or possession with intent to distribute, a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2; in Count Three with unlawfully, knowingly and intentionally distributing or possessing with intent to distribute, or aiding and abetting in the distribution or possession with intent to distribute, a

quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2; and in Count Four with unlawfully, knowingly or intentionally possessing, a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 844(a), a misdemeanor.

On January 24, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One pursuant to a plea agreement between defendant and the government. At this hearing the defendant was placed under oath and testified that his full legal name is Robert Clifton Dameron, he was born on February 7, 1974, and he graduated from high school. The defendant stated that he is able to read, write and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offense and was satisfied that defendant understood the terms of the plea agreement.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement

2

and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving rights to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt any facts alleged in Count One. The defendant further testified that he knew that the government retained its right to appeal any sentence below the applicable guideline range or below the government's recommended sentence.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further acknowledged that he consented to forfeit any right, title and interest he has in assets purchased with proceeds of his illegal activity, directly or indirectly and that such a forfeiture of property is proportionate to the degree and nature of the offense he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he

3

was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum statutory penalty provided by law for the offense with which he is charged, in the case of Count One, is life imprisonment, a fine of $4,000,000, and a period of supervised release. The defendant was further informed that Count One has a mandatory minimum sentence of ten years imprisonment. The defendant was also informed that the maximum penalty for Count Two is twenty years imprisonment, a $1,000,000 fine, and a period of supervised release. The defendant was informed that the maximum penalty for Count Three is ten years imprisonment, a $500,000 fine, and a period of supervised release. Finally, the defendant was informed that the maximum penalty for Count Four, a misdemeanor, is one year imprisonment, a $1,000 fine, and a period of supervised release.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until

after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

Defendant testified he and the government had agreed that for purposes of USSG §§ 2D1.1 and 1B1.3 he should be held responsible for 526.64 grams of a substance containing a detectable amount of methamphetamine. The defendant agreed that USSG § 2D1.1(c)(4), with a base offense level of 32, is applicable to his conduct. The defendant stated he understood that the government is under no obligation to file a motion for substantial assistance, but to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he understood that a determination as to whether he had provided "substantial assistance" was a matter within the discretion of the United States Attorney's Office. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he was aware that pursuant to the guidelines the sentencing judge could add or subtract up to four sentencing points to his sentencing level based upon his role in the offense, and defendant informed the court that he and the government had stipulated that his base offense would not be increased based upon his role. Defendant stated

5

that he knew that if he fulfills his obligations under the plea agreement the government had agreed to recommend that he be sentenced at the low end of the applicable guidelines range, unless that figure is lower than the mandatory minimum sentence. The defendant was told that if the figure is lower than the mandatory minimum sentence, the government would recommend he be sentenced to 120 months imprisonment. The defendant was told that the government would not object to his request for incarceration at a community correctional facility, to the extent it is permitted by the rules and regulations of the Bureau of Prisons. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. The defendant stated that he understood that any information given by him during a proffer or cooperation would not be used against him to enhance his sentence under USSG § 1B1.8.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right

to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

On October 26, 2005, a Waynesboro police officer observed a black Ninja motorcycle speeding (55 mph in 35 mph zone). The officer pursued motorcycle with emergency lights flashing. The motorcycle accelerated and attempted to flee. A pursuit ensued. The motorcycle became boxed in by another car at an intersection. The officer ordered the driver (Dameron) off the bike at gun point. The defendant's drivers licence was suspended and he was an habitual offender. The defendant said the motorcycle was registered to his father. The police officer notified the defendant that he was under arrest for eluding, reckless driving and being a habitual offender. As the officer examined the motorcycle, he noticed a pouch attached to the gas tank. Visible through a clear plastic window was registration and insurance information. The officer unzipped the pouch to get the information, and saw a drug smoking device containing residue. A further search of pouch revealed 526.64 grams of a substance containing methamphetamine, digital scales, packing material, 29.27 grams of cocaine and 28.8 grams of marijuana. The Officer also recovered $2,561.00 on the defendant's person. The

7

Case 5:06-cr-00047-GEC-BWC   Document 34   Filed 01/30/07   Page 7 of 10   Pageid#: 64

defendant's stepfather testified before the grand jury that he purchased the motorcycle for the defendant, but kept the motorcycle registered in his (the step-father's) name, at the defendant's request. Stephanie Dumont, who lived with the defendant, testified before the Grand Jury that no one, other than the defendant, drove the motorcycle. The defendant's brother, Scotty Dameron, testified before the Grand Jury that the defendant was the only person to use the motorcycle, except on one occasion. Two additional witnesses testified before the Grand Jury that they had purchased methamphetamine from the defendant in the past year. The methamphetamine was sent to the DEA lab and tested positive for methamphetamine, weighing 526.64 grams.

The defendant was subsequently arrested on May 21, 2006. A Nelson County Sheriff observed the defendant operating his motorcycle (the same motorcycle as on October 26, 2005) in a reckless manner, with the front tire coming off the pavement. The Officer pursued the defendant with his lights flashing. The defendant disappeared into a side street. Dispatch advised the officer that a citizen (a retired State trooper) had called in and said the motorcycle and driver were hiding behind a house near the street. The officer went to the house and found the defendant standing next to the motorcycle. The officer patted the defendant down and asked if there was anything in his pants that would stick or cut him. The defendant said no. The officer then located a hypodermic needle in the defendant's pocket. Officers also recovered a black pouch strapped to the motorcycle. Inside, the pouch, officers recovered several hypodermic needles and a few grams of a detectable amount of methamphetamine. On the way to jail, the defendant slipped out of his handcuffs, and tried to get out of the patrol car. He was unsuccessful.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the

8

Case 5:06-cr-00047-GEC-BWC   Document 34   Filed 01/30/07   Page 8 of 10   Pageid#: 65

following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for May 24, 2007 at 9:30 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned

with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

Jan 30, 2007
Date